# United Natural Gas Company *v.* Wagner, Appellant.

Argued March 16, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold S. Hampson,* with him *Joseph H. Goldstein,* for appellant.

*Benjamin G. McFate,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 20, 1965 :

This is an appeal from an Order of the lower Court granting a preliminary injunction.

United Natural Gas Company, a public utility, brought an action in Equity to enjoin defendant (the property owner and appellant) from interfering with the maintenance and repair of the Company's 4-inch gas pipe line which extends through appellant's prop-

erty.* This pipe line has been used continuously since it was constructed by the Company's predecessor in 1939, for the purpose of supplying gas to customers in and near the Village of Marienville, in Jenks Township, Forest County.

Plaintiff's evidence showed that the gas pipe line had numerous leaks which needed repair or replacement by a new pipe. *The line was in such dangerous condition* that unless repaired or replaced it might imperil the lives and properties of every person in the entire community. After a hearing, the Court granted a preliminary injunction.

Appellant contends that he is a bona fide purchaser of his land for value, and that he acquired title to his property free and clear of, and without any notice of, any easement for a gas pipe line. This alleged easement was created by an *unrecorded* deed from appellee's predecessor in title. For this reason, appellant contends that the preliminary injunction should not have been entered.

The law is well settled by a myriad of cases that "Appeals are expressly allowed by statute from the grant or refusal of a preliminary injunction . . . 'Our uniform rule is that, on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable. [Citing cases.]' . . ." *Lerner v. Poulos,* 412 Pa. 388, 391-392, 194 A. 2d 874.

---

* Neither the record nor the briefs disclose whether the pipe was on or below the surface of the ground, or partially above and partially below the surface.

A study of the record convinces us that the lower Court had ample grounds for issuing a preliminary injunction and no applicable law was erroneously relied upon.

Order affirmed, each party to pay own costs.